IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZHULIANG YE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-1230-D |
| ) | |
| PAMELA BONDI, Attorney General, et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER

Petitioner Zhuliang Ye filed a Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief [Doc. No. 1], seeking habeas relief under Section 2241. In his petition, Petitioner challenges his detention by the United States Immigration and Custom Enforcement (ICE) on various grounds, to include Petitioner's claim that ICE failed to follow required procedures when re-detaining Petitioner. Respondents filed a Response in Opposition [Doc. No. 16], and Petitioner filed a Reply [Doc. No. 17]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield, pursuant to 28 U.S.C. § 636(b)(1)(B), (C) [Doc. No. 10].

On November 18, 2025, the magistrate judge issued a Report and Recommendation [Doc. No. 19], in which she recommends that Petitioner's petition be granted to the extent it requests habeas relief under 28 U.S.C. § 2241, and further recommends that Petitioner be released from custody immediately, subject to an appropriate Order of Supervision. On November 25, 2025, Respondents filed an Objection to Report and Recommendation [Doc. No. 20]. Thus, the Court must make a *de novo* determination of the portions of the Report

1

to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

In her Report, the magistrate judge provided the following factual background, which was not contested by the parties. Petitioner is a native and citizen of the People's Republic of China who unlawfully entered the United States in 1998 [Doc. No. 19, at 2]. After his arrival, he filed an application for political asylum. *Id.* On June 28, 1999, an Immigration Judge denied his application for relief and ordered him removed to China. *Id.* On March 26, 2002, the Board of Immigration Appeals dismissed Petitioner's appeal, making his removal order final. *Id.* Petitioner was taken into custody of [ICE] on February 28, 2011. *Id.* On December 7, 2011, Petitioner was placed on an Order of Supervision ("OOS") and released from ICE custody. *Id.*

On September 16, 2025, ICE took Petitioner back into custody when he appeared for a routine check-in under his OOS. *Id.* Petitioner has no criminal arrests or convictions during his 23-year residence in the United States. *Id.* Respondents have declared that Petitioner was re-detained "because he had a final order of removal and it was believed that he could be removed to China or a third country." *Id.* (quoting Doc. No. 16-3, at 2). Respondents have declared that Petitioner was informed "that he is being taken back into custody with the intent to obtain a travel document and to remove him." *Id.* (quoting Doc. No. 16-4, at 2]. Respondents state that the deportation officer "would also likely have explained that [ICE] did not know exactly how long it would take to get travel documents and arrange removal." *Id.* Respondents further declared that, on October 27, 2025, a travel document request was sent to the headquarters Removal and International Operations

Group, which "then sends the request to the People's Republic of China." *Id.* at 3 (quoting Doc. No. 16-3, at 3).

In her Report, the magistrate judge concluded that ICE failed to abide by its regulations when it revoked Petitioner's Order of Supervision. Specifically, the magistrate judge agreed with Petitioner that ICE failed to comply with 8 C.F.R. § 241.13(i) because ICE "failed to appropriately 'determine[] that there is a significant likelihood that [Petitioner] may be removed in the reasonably foreseeable future.'" [Doc. No. 19, at 7]. Section 241.13(i) governs revocations of release, providing in part:

> (2) Revocation for removal. The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. …
>
> (3) Revocation procedures. Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. …

8 C.F.R. § 241.13(i)(2), (3).[1]

The magistrate judge determined that ICE violated Section 241.13(i)(2)-(3), noting that "Respondents have failed to demonstrate that there were any such changed circumstances nor that ICE determined there was a significant likelihood of Petitioner's removal in the reasonably foreseeable future before revoking Petitioner's OOS and

---

[1] Subsection (i)(1) governs revocation of release when an alien violates an OOS, which is not alleged in this case.

3

detaining him."[2] [Doc. No. 19, at 8]. The magistrate judge further noted that Respondents' declaration—provided six weeks after Petitioner's detention—"states merely that Petitioner was re-detained 'because he had a final order of removal and it was believed that he could be removed to China or a third country.'" *Id.* (quoting Doc. No. 16-3, at 2). The magistrate judge explained that this statement was insufficient to show that ICE "determine[d] that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." *Id.* (quoting 8 C.F.R. § 241.13(i)(2)).

In their Objection, Respondents first assert that it is "Petitioner's burden to show that the government's failure to abide by its own regulations prejudiced him." [Doc. No. 20, at 2] (citing *Bahadorani v. Bondi*, No. CIV-25-1091-PRW, 2025 WL 3048932, at *2 (W.D. Okla. Oct. 31, 2025)). However, in *Bahadorani*, Judge Wyrick distinguished Bahadorani's case from *Roble v. Bondi*, in which the court found that "the Government plainly failed to meet its burden to show that, 'on account of changed circumstances … there is a significant likelihood that [the alien] may be removed in the reasonably foreseeable future[.]'" *Id.* at *3 (citing *Roble v. Bondi*, --- F. Supp. 3d ---, 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025)). Judge Wyrick explained that the government's failure in *Roble* "was a serious substantive defect in the government's detention of the petitioner in that case, beyond a mere failure to follow the regulation to a T—a substantive defect not present here." *Id.* Finding the present case more akin to the substantive allegations of *Roble*, the Court finds that the magistrate judge appropriately placed the

---

[2] Due to this finding, the magistrate judge did not consider Petitioner's remaining arguments for habeas relief or Petitioner's requests for declaratory judgment and permanent injunctive relief.

burden on Respondents to establish that, on account of changed circumstances, there is a significant likelihood of removal in the reasonably foreseeable future, pursuant to Section 241.13(i)(2). *See Pham v. Bondi*, No. CIV-25-1157-SLP, 2025 WL 3243870, at *2 (W.D. Okla. Nov. 20, 2025) ("The Court finds the magistrate judge correctly placed the burden on Respondents to establish a significant likelihood of removal in the reasonably foreseeable future in the context of re-detention under §241.13(i)(2)."); *Hamidi v. Bondi*, No. CIV-25-1205-G, Doc. No. 19, at 9 (W.D. Okla. Dec. 1, 2025) (finding the respondents' assertions of a mere likelihood that the petitioner could be removed "inadequate to satisfy § 241.13(i)(2)"); *Kong v. United States*, 62 F.4th 608, 619-20 (1st Cir. 2023); *Roble*, 2025 WL 2443453, at *5.

Respondents also assert that the "purported failure by ICE to comply with 8 C.F.R. § 241.13(i)(3) is, at most, harmless error" because Petitioner "had been represented by counsel, had been provided notice of the basis for his detention, and had been heard by both the Court and the federal immigration authorities concerning his arguments opposing his detention." [Doc. No. 20, at 2-3]. Notwithstanding the lack of authority provided for this argument,[3] Respondents ignore the magistrate judge's separate conclusion that ICE failed to comply with subsection (i)(2), which allows ICE to revoke an alien's release and return them to custody "if, *on account of changed circumstances*, the Service *determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future*." 8 C.F.R. § 241.13(i)(2) (emphasis supplied). And the Court discerns

---

[3] For the reasons stated above, the circumstances of *Bahadorani* materially differ from those in this case.

5

no error with the magistrate judge's determination that ICE failed to determine that, on account of changed circumstances, there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future.

Finally, Respondents contend that "mere failure to comply with immigration regulations does not support the grant of a writ of habeas corpus." [Doc. No. 20, at 4]. However, the Court agrees with the magistrate judge that ICE's failure to abide by its own regulations in making the decision to revoke Petitioner's OOS renders the revocation unlawful, and that his release is therefore appropriate under 28 U.S.C. § 2241(c)(3). [Doc. No. 19, at 12]; *see also Pham*, 2025 WL 3243870, at *2 (failure to demonstrate changed circumstances justifying re-detention, as required by § 241.13(i)(2), amounts to a due process violation, entitling the petitioner to habeas relief); *Hamidi*, No. CIV-25-1205-G, Doc. No. 19, at 9 (granting habeas relief where the respondents failed to satisfy § 241.13(i)(2)); *Qui v. Carter*, No. 25-CV-3131-JWL, 2025 WL 2770502, at *4-5 (D. Kan. Sept. 26, 2025) (finding a failure to establish changed circumstances under § 241.13(i)(2) renders the revocation of release ineffective, entitling the petitioner to release); *Liu v. Carter*, No. 25-CV-3036-JWL, 2025 WL 1696526, at *2-3 (D. Kan. June 17, 2025) (same).

For these reasons, the magistrate judge's Report and Recommendation [Doc. No. 19] is **ADOPTED** to the extent that the failure to adhere to 8 C.F.R. § 241.13(i)(2) compels habeas relief under the circumstances of this case.[4] **IT IS THEREFORE ORDERED** that

---

[4] Nothing herein should be construed to require the specific types of information addressed by the magistrate judge on page 9 of the Report and Recommendation in order for the agency to show that removal has become significantly likely in the reasonably foreseeable future. Moreover, nothing herein should be construed to foreclose the actual receipt of a travel document from the

Petitioner's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief [Doc. No. 1] is **GRANTED** to the extent it requests habeas relief pursuant to 28 U.S.C. § 2241.

**IT IS FURTHER ORDERED** that Respondents are directed to immediately release Petitioner, subject to the terms of his previous Order of Supervision. Respondents shall submit a declaration, pursuant to 28 U.S.C. § 1746, within 3 days of the date of this Order, affirming Petitioner's release from custody.

**IT IS FURTHER ORDERED** that Petitioner's requests for declaratory judgment and permanent injunctive relief are **DENIED** as **MOOT**.

**IT IS SO ORDERED** this 4th day of December, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

People's Republic of China regarding Petitioner as the type of changed circumstance that would allow for compliance with § 241.13(i)(2).